KNAPP v. SKAARUP.

(Supreme Court, Appellate Division, Third Department.   July 8, 1913.)

BILLS AND NOTES (§ 537*)—ACTION—QUESTION FOR JURY.

On evidence in an action on a note given for the purchase of an interest in a vulcanizing plant, and indorsed to plaintiff for value before maturity, defended on the ground that the note was given on the condition that the property should be at once delivered to defendant, and that such delivery had been refused, *held*, that the issues presented were for the jury, so that the direction of a verdict for plaintiff was error.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1862–1893; Dec. Dig. § 537.*]

Appeal from Rensselaer County Court.

Action by Alvin W. Knapp against Henrek P. Skaarup. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, defendant appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

John F. Murray and William H. Murray, both of Troy, for appellant.

Cornelius Hannan, of Troy, for respondent.

LYON, J.   The note in suit was given by the defendant to one Johnson, as payee, for the purchase of Johnson's one-half interest in a vulcanizing plant, consisting of two vulcanizing machines, an engine, boiler, shafting, tools, and attachments, which the plaintiff the previous December had sold to Mott and Johnson, taking a chattel mortgage for part of the purchase price, which mortgage plaintiff still held.   The complaint alleged that said Johnson indorsed the note and for value, and before maturity sold and delivered it to the plaintiff, who still remained the owner and holder thereof.   The answer denied knowledge or information sufficient to form a belief as to these allegations of the complaint, and alleged that the note was given for the purchase by defendant of Johnson's one-half interest in the vulcanizing plant upon the sole consideration and condition that such plant should at once be delivered to the defendant, and that such delivery had been refused. At the close of the trial, the defendant requested that specific issues presented by the pleadings and evidence be submitted to the jury, which request the court denied, and directed a verdict for the plaintiff for the amount of the note.   Thereupon, as the order appealed from recites, the defendant moved to set aside the verdict and for a new trial upon all the grounds specified in section 999 of the Code of Civil Procedure, which motion the court entertained and denied.   This appeal has been taken from such order of denial and from the judgment entered upon the directed verdict, and the question before us upon this appeal is whether the evidence presented a question of fact upon any such issues which entitled defendant to the submission thereof to the determination of the jury.   Bearing upon the decision of this question, it will be necessary to briefly refer to a portion of the evi-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

dence. Therefrom it appears that during the period of about one month, which had elapsed between the time of the sale of the vulcanizing plant by plaintiff to Mott and Johnson and the purchase of Johnson's interest therein by defendant, the plant had remained in plaintiff's building upon the payment of a monthly rental, and had been there unsuccessfully operated by Mott and Johnson; that Mott proposed to defendant, who was conducting a shoemaker's shop farther up the street, that defendant should buy Johnson's interest in the plant; and that Mott and defendant should combine the two lines of business, and together operate them in defendant's place of business. Concerning this matter the testimony of the defendant, who is apparently of foreign extraction and not entirely familiar with the English language, was as follows:

"Mr. Mott came up to me and asked me to buy out this Johnson on the ground that he couldn't get along down there, couldn't do business in that place, and put it together with mine and run it in company. I said, if Johnson was ready to sell, I'd buy it off him if he wait for part of the money. He came up with Johnson, and Johnson agreed to sell for $125, $25 cash and pay the other later. I went down to see Mr. Knapp (plaintiff), and said to Knapp, 'You know that I bought Johnson out?' He said, 'I heard about it.' I said, 'You know they are coming to be moved.' 'Yes,' he said, 'Mott told me so.'"

Soon thereafter the plaintiff took the defendant, Mott, and Johnson to the office of his attorney where the note was executed, and a bill of sale was given by Johnson to the defendant, Mott consenting thereto, containing a clause by which the defendant assumed and agreed to pay the whole amount of the mortgage of $225 as part purchase price of the property. Regarding this transaction defendant testified:

"I bought it with $225 mortgage and to pay $10 a month, never thinking but as I could move the stuff and do business. We went up there to draw the papers and pay Johnson $25. The lawyer asked me how I pay the rest. I said it was to be paid the 1st of June. He said, 'Don't you think we better draw a note for it?' and I said, 'All right, draw the note and I will sign it.' He drew the note, and I signed it."

Defendant further testified regarding moving the vulcanizing plant to defendant's shop:

"When Mott came down there and said we are going to move the stuff, he (plaintiff) said all right and helped him to take it down. After it was down he said, 'I don't want you to move the stuff; I want a hundred dollars before you can move it.' The stuff was dismantled in Knapp's place, and while it was being dismantled he was present about the place. Then Mott came up to me, and I said, 'If we can't have it, I can do nothing with it down in that place.' Johnson came up, and I said, 'You ought to get me my note back, I can't accept the stuff in that way.' He said, 'I ain't got the note. Knapp has got the note.'"

Plaintiff testified that he bought the note of Johnson about April for $25, and that he said to Johnson in connection with purchasing the note:

"I don't know about that, whether or not that note is good, but I am willing to take a chance, or that in words or substance."

While both the plaintiff and the attorney denied that it was agreed that defendant might move the vulcanizing plant to his shop at once,

and both testified that the agreement was that the plant should not be moved until defendant had paid $100, yet the defendant was entitled to have the jury pass upon that issue as clearly the plaintiff, who was present when the bill of sale and note were given, and took part in the transaction, had full knowledge of the consideration of the note and the condition under which it was given and was bound by them, and it was a material issue whether such consideration had failed.

Neither Johnson nor Mott were called as witnesses, the former being in Dakota, and the whereabouts of the latter unknown.

The suggestion appears in the opinion of the trial judge that even had the agreement existed defendant was to have the immediate possession of the vulcanizing plant, yet that the plaintiff was entitled to a directed verdict, as plaintiff had the right to retain possession of the property under the clause in the mortgage allowing him to take possession at any time when he might deem himself unsafe. However, plaintiff based his refusal to allow defendant to remove the plant solely upon the nonpayment of this $100, as defendant testified and plaintiff did not deny; and, had plaintiff based such refusal upon the danger clause in the mortgage, the serious question would have arisen as to his right to do that in case he had agreed that defendant might have immediate possession and as a condition and in consideration thereof defendant had purchased Johnson's one-half interest. It appears that plaintiff foreclosed the chattel mortgage and that he purchased the property at the sale, but it does not appear, and is perhaps immaterial, whether the mortgage was fully paid, or whether a deficiency exists with the payment of which it may be sought to charge the defendant.

We think the direction of a verdict was error, and that the judgment and order must be reversed and a new trial granted, with costs, in all the courts, to appellant to abide the event. All concur.